HON. ROBERT S. LASNIK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARLENE K. PETITT,

Plaintiff,

v.

AIR LINE PILOTS ASSOCIATION,

Defendant.

CASE NO. 2:20-cv-1569 RSL

**DEFENDANT AIR LINE PILOTS ASSOCIATION'S MOTION TO MODIFY SCHEDULING ORDER AND CONSOLIDATE CASES**

NOTE ON MOTION CALENDAR:
January 4, 2021

## INTRODUCTION AND RELIEF SOUGHT

Defendant Air Line Pilots Association ("ALPA") respectfully moves to modify the Court's Order of December 9, 2020 (Dkt. 7) ("Scheduling Order") and to consolidate the instant, second-filed action with earlier, very similar litigation filed by *pro se* Plaintiff Karlene Petitt against ALPA. As outlined below, ALPA requested Plaintiff's agreement to the relief sought here but Plaintiff disagrees with much of it. The basis for these requests, and the requested modifications, are as follows.

## PROCEDURAL BACKGROUND

There are two similar cases involving the Parties pending before this Court. Both cases concern Plaintiff's allegations that ALPA breached its duty of fair representation ("DFR") to her, while Plaintiff adds a claim in the instant case (the "DFR/Title VII Case") that ALPA violated Title VII of the Civil Rights Act of 1964.

MOTION TO MODIFY SCHEDULING ORDER AND
CONSOLIDATE CASES  – 1
CASE NO. 2:20-cv-1569 RSL

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1      1.     <u>The DFR case</u>

Plaintiff filed her Complaint in the DFR Case on July 13, 2020, and filed an Amended Complaint on August 10, 2020. It asserts that ALPA breached its DFR to her based on similar allegations as those in the subsequently-filed DFR/Title VII Case. ALPA moved to dismiss the DFR Case and briefing on that motion was completed on December 9, 2020.

On September 25, 2020, the Court granted the Parties' joint motion in the DFR Case to vacate all deadlines for the Rule 26(f) conferences and reports and the Rule 26(a)(1) initial disclosures (Dkt. 13 in Case No. 2:120-cv-01093-RSL). That Order directed the Parties to confer concerning the schedule for the DFR Case within 14 days of the issuance of the Court's ruling on ALPA's Motion to Dismiss and to file a proposed revised scheduling motion/report to the Court within seven days thereafter.

2.     <u>The Instant DFR/Title VII case</u>

Plaintiff filed the instant case on October 23, 2020, and it was transferred to Judge Lasnik on December 3, 2020 (Dkt. 6). The Complaint and process have not yet been served in the instant case. Counsel for ALPA entered a Notice of Appearance on December 2, 2020, which expressly preserved all objections as to improper service and jurisdiction. *See Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990) ("filing of 'appearance form' does not relieve plaintiff from executing proper service of process upon defendants"); *Hudson v. Christian*, 1994 WL 315471, at *1 (D.C. Cir. 1994) ("Appellant's assertion that counsel's entry of appearance in this court constitutes service on appellee is without merit."); *Kiro v. Moore*, 229 F.R.D. 228, 230-31 (D.N.M. 2005) (similar). *See also Benny v. Pipes*, 799 F.2d 489, 492-93 (9th Cir. 1986) (defendants' motions to extend time to file answer to suit did not constitute general appearance or waive requirement for valid service of process).

Plaintiff has requested that ALPA waive service of the Complaint in the instant case and made the latest such request on December 16, 2020. ALPA has not agreed to waive service because it believes that this case should be consolidated with Case No. 2:20-cv-1093-RSL,

MOTION TO MODIFY SCHEDULING ORDER AND
CONSOLIDATE CASES – 2
CASE NO. 2:20-cv-1569 RSL

18 WEST MERCER ST., STE. 400    **BARNARD**
SEATTLE, WASHINGTON 98119    **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132    **LAVITT LLP**

1  discussed below (the "DFR Case"), which would obviate the need for service and forestall the
2  automatic, subsequently-triggered deadlines.

3        On December 9, 2020, the Court issued the Scheduling Order in the instant case setting
4  forth the following deadlines: Rule 26(f) Conference by December 23, 2020; Initial Disclosures
5  pursuant to Rule 26(a)(1) on December 30, 2020; and Combined Joint Status Report and
6  Discovery Plan Required by Rules 26(f) and Local Rule 26(f) by January 6, 2021.

7                                    **ARGUMENT**

8        In light of the foregoing, ALPA respectfully submits that proceeding here in a similar
9  manner as in the DFR Case -- postponing the foregoing conference, report, and initial disclosures
10 -- will most efficiently advance this litigation while minimizing costs and burdens on the Parties.
11 *See* Introduction to Civil Rules of United States District Court for the Western District of
12 Washington, at 1 (directing parties to consider "limiting discovery and phasing discovery and
13 motions to bring on for early resolution potentially dispositive issues").  On December 16, 2020,
14 Plaintiff expressed her agreement to "extend the scheduling order regarding the Title VII case
15 until the motion to dismiss the DFR is resolved."  In any event, given the absence of service of
16 process on ALPA in the instant case, there is no basis to proceed with the scheduled disclosures
17 and conferences.

18       ALPA also respectfully requests that the Court consolidate the DFR Case and the instant
19 case, with Plaintiff filing a new, amended complaint in the consolidated case that covers all of
20 her claims. The factual allegations in the lengthy (50+ pages) complaints in the two cases are
21 materially identical, with Plaintiff seeking to interject new claims in her opposition to ALPA's
22 motion to dismiss the DFR Case.  *See* Dkt. 22 in Case No. 2:20-cv-01093-RSL (ALPA's Reply
23 Brief in the DFR Case), at 3-4, 7, 8, 9, 12.  Consolidating the two cases (along with the filing of
24 a consolidated, amended complaint by Plaintiff) will allow the Court to resolve all of Plaintiff's
25 claims in a single proceeding.  In contrast, and as matters presently stand, the Court would be
26 addressing the fully-briefed motion to dismiss in the DFR Case and then (if that motion is
27 granted), a similar motion in the Title VII case, followed by a potentially amended complaint (in

MOTION TO MODIFY SCHEDULING ORDER AND
CONSOLIDATE CASES  – 3
CASE NO. 2:20-cv-1569 RSL

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

one or both of these cases or in a consolidated case) that adds the apparent claims made in Plaintiff's opposition to ALPA's motion to dismiss the DFR Case.

Plaintiff previously expressed agreement to consolidate the cases, writing in her November 20 opposition to ALPA's motion to dismiss her Amended Complaint in the DFR Case: "Plaintiff requests the leave of this court to incorporate the gender-specific allegation contained in her Title VII action into this DFR litigation, and/or that the Court consolidate the Title VII action with the instant lawsuit." Dkt. 19 in Case No. 2:120-cv-01093-RSL, at 15. However, Plaintiff since has taken a different position, most recently writing to ALPA counsel on December 16: "*I do not agree to your motion to combine the cases*."  (emphasis in original)

In sum, ALPA respectfully requests that the Court order as follows: (a) ALPA need not file any response to the Complaint in the instant case except as set forth pursuant to the order resulting from the Parties' conference set forth in paragraph (d) below; (b) all deadlines for the Rule 26(f) conferences and reports and Rule 26(a)(1) initial disclosures be vacated in the instant case; (c) the consolidation of the instant case with the DFR Case and that Plaintiff file an amended complaint in the consolidated case on or before February 1, 2021; and (d) the Parties to confer with respect to a Scheduling Order within 14 days of the filing of the amended complaint in the consolidated action and to file a proposed schedule with the Court within seven days thereafter.

All of the foregoing new proposed deadlines and orders are set forth in the accompanying draft order.

RESPECTFULLY SUBMITTED this 16th day of December 2020.

s/Dmitri Iglitzin
Dmitri Iglitzin, WSBA No. 17673
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
(206) 257-6003
(206) 257-6038
*iglitzin@workerlaw.com*
*Attorneys for Air Line Pilots Association*

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LLP