1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARLENE K. PETITT,

              Plaintiff,

      v.

AIR LINE PILOTS ASSOCIATION,

              Defendant.

Cause No. C20-1569RSL

ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS AND
DENYING LEAVE TO
AMEND

      This matter comes before the Court on "Defendant Air Line Pilot Association's Motion
to Dismiss Complaint" (Dkt. # 25) and "Plaintiff's Motion to Amend Complaint" (Dkt. # 34).
Plaintiff generally alleges that the Air Line Pilot Association ("ALPA") failed to represent her
interests between 2015 and 2020 in violation of its duty of fair representation and/or because of
her gender. Plaintiff presents a "History of Events" dating back to 2011 in support of her claims.
Dkt. # 1 at ¶¶ 7-153. Allegations touching on gender discrimination include:

> ▪ that less than 7% of Delta's pilot workforce is female and that female pilots "frequently
> confront[]" hostility from ALPA (Dkt. # 1 at ¶ 6);
>
> ▪ that "ALPA is a male-dominated organization that focuses their support on the men"
> (Dkt. # 1 at ¶ 165);
>
> ▪ that ALPA's 2011 advice that she could not grieve a letter of counsel was incorrect and
> she "has been unable to locate a male pilot who was denied the right to a grievance
> of a similar nature" (Dkt. # 1 at ¶ 7);

ORDER - 1

- that ALPA's 2016 advice to take an unpaid leave of absence rather than submit to neuropsychological testing was "discriminatory because of unequal treatment between Petitt and other ALPA members who are male" (Dkt. # 1 at ¶ 27);

- that ALPA failed to object to the assignment of Dr. David B. Altman to conduct her medical examination in 2016 when it had made efforts on behalf of a male pilot to ensure that he was not examined by Dr. Altman or otherwise subjected to his "unethical and retaliatory behavior" (Dkt. # 1 at ¶¶ 29 and 36);

- that ALPA failed to insist on the correct venue for a 2016 hearing and failed to advocate on her behalf, resulting in procedural violations that have "never been permitted by ALPA with respect to her male counterparts (Dkt. # 1 at ¶ 38);

- that ALPA's 2016 advice to falsify her application for renewal of her medical certification was not given to male pilots (Dkt. # 1 at ¶ 42);

- that ALPA failed to file a grievance for five months after plaintiff requested that it do so in March 2017 resulting in a statute of limitation problem, whereas male pilots' grievances were timely pursued (Dkt. # 1 at ¶ 47);

- that ALPA interfered in the Section 15 process "by communicating false statements to management" in 2017, conduct which never occurred with a male pilot (Dkt. # 1 at ¶ 49);

- that ALPA resisted "make whole relief" in favor of plaintiff in 2017, particularly the replenishment of her sick leave, which "deviated from its practices with respect to similarly situated male pilots" (Dkt. # 1 at ¶ 69);

- that ALPA's 2018 "hostile reaction to scheduling accommodations sought by Petitt deviated from its practices with respect to similarly situated male pilots" (Dkt. # 1 at ¶ 72);

- that ALPA refused to take action on Petitt's 2018 objection to an arbitrator when it had done so for a male pilot (Dkt. # 1 at ¶¶ 77, 82, and 160);

- that ALPA "engaged in [] a betrayal of attorney-client privilege between ALPA counsel and a member" ahead of the October 2019 grievance hearing, a betrayal that never occurred "when dealing with similarly situated male pilots" (Dkt. # 1 at ¶ 120);

- that ALPA's lack of advocacy throughout the 2019 grievance process "was in contrast to the support provide[d] to similarly situated male pilots" (Dkt. # 1 at ¶ 122),

- that ALPA failed to respond to Petitt's May 2020 communication "as would have been the case for a similarly situated male pilot" (Dkt. # 1 at ¶ 151);

- that "ALPA['s] hostility and disinterest in representing Petitt throughout the [October 2019] grievance process is at sharp variance with its representation of similarly situated male pilots" (Dkt. # 1 at ¶ 159);

- that Petitt learned in October 2019 that ALPA "committed multiple procedural violations that created timing issues" and "[n]ever has this process or procedural violation[] transpired in this manner with the male pilots (Dkt. # 1 at ¶ 161); and

- that as recently as January 1, 2020, ALPA's national bylaws referenced pilots as "he" or "him" (Dkt. # 1 at ¶ 165).

Overall, plaintiff alleges that ALPA exhibited a "stubborn indifference and hostility" to her grievances and failed to represent her because she is female and that its conduct was "in sharp contrast to its ardent advocacy of similarly situated male pilots." Dkt. #1 at ¶ 166. [1] She asserts that, but for ALPA's discriminatory handling of the arbitration hearing and subsequent decision, she "would never have been forced into a psychiatric evaluation for reporting safety [violations], if so, she would have only have lost a month of her career, not two years, she would have had her AIR 21 ruling by May 1, 2020, and would not have had to face extensive attorney bills to save her career and defend against Delta's frivolous motion based upon the Wallin[] January 27, 2020 ruling." Dkt. # 1 at ¶ 164. ALPA seeks dismissal of all of plaintiff's claims.

In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

---

[1] The Complaint contains a number of allegations of discrimination on the part of Delta and/or Dr. David B. Altman. *See* Dkt. # 1 at ¶¶ 32, 33, 36, 47, 53, 55, 59, 112. Plaintiff has not named Delta or Dr. Altman as a defendant, however, and offers no theory under which their alleged wrongdoing could be attributed to ALPA.

Nevertheless, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *U.S. v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). The collective bargaining agreement, the record of the relevant grievance and arbitration proceedings, various email exchanges, and plaintiff's EEOC charge are referenced in the complaint and form the basis of plaintiff's claims. The Court will therefore consider these documents in determining whether plaintiff has stated a viable cause of action.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory

ORDER - 4

or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having considered the Complaint and the memoranda, declarations, and exhibits submitted by the parties,[2] and drawing all reasonable inferences in favor of plaintiff, the Court finds as follows:

**A. Duty of Fair Representation**

To the extent plaintiff is asserting that the union violated its duty of fair representation, those claims were asserted – or should have been asserted – in *Petitt v. Air Line Pilots Association*, C20-1093RSL. The duty of fair representation claim was dismissed, *id.* at Dkt. # 23 (W.D. Wash. May 17, 2021), and the dismissal was affirmed on appeal. Plaintiff cannot reassert a duty of fair representation claim in this lawsuit.

**B. Title VII**

Title VII prohibits unions from limiting "employment opportunities or otherwise adversely affecting [an individual's] status as an employee" or causing or attempting to cause employers to discriminate on the basis of gender. 42 U.S.C. § 2000e-2. [3] To succeed on a Title

_____

[2] The Court has not considered (a) the Declaration of Emilio Marcus or the email communications attached thereto (Dkt. # 27 at 1-4 and 17-23), (b) the U.S. Department of Labor's Decision and Order Granting Relief (Dkt. # 28 at 3-117), or (c) the Declaration of James K. Lobsenz and the exhibits attached thereto (Dkt. # 30). ALPA offers no theory under which the Court could take judicial notice of these documents or their contents in the context of this motion to dismiss. The Court has considered the five declarations submitted by plaintiff with her opposition (Dkt. # 32-1, 32-2, 32-3, 32-4, and 32-5) as well as her motion for leave to amend (Dkt. # 34) for the purpose of determining whether leave to amend should be granted.

[3] The Court assumes, as ALPA generally does, that the events of which plaintiff complains have caused her to suffer an adverse action that is cognizable under 42 U.S.C. § 2000e-2.

VII claim against a union, plaintiff must show that the challenged action "would not have happened 'but for'" her sex. *Bostock v. Clayton Cnty., Ga.*, __ U.S. __, 140 S.Ct. 1731, 1739 (2020). A Title VII plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 or 300 days of the alleged unlawful employment practice: a claim is barred if it is not the subject of a timely EEOC charge. 42 U.S.C.A. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

On April 6, 2020, plaintiff filed an EEOC charge asserting that ALPA denied her "proper and effective union representation based on [plaintiff's] sex (female) . . . ." Dkt. # 28 at 119. Plaintiff asserted that the discrimination occurred between October 1, 2019, and April 6, 2020, but that it was not a "continuing action." *Id.* Thus, any claims arising out of events occurring before October 1, 2019, or after April 6, 2020, have not been preserved and cannot be pursued in this litigation. Her Title VII claim is therefore limited to ALPA's disclosure of materials to Delta ahead of the October 15, 2019, grievance hearing[4] and ALPA's alleged failure to advocate for her and her positions during the grievance process. In particular, plaintiff has preserved claims based on ALPA's alleged betrayal of the attorney-client privilege, failure to object to opposing counsel's statements at the arbitration hearing, and failure to ensure that prejudicial dicta was not included in the arbitrator's decision.

---

[4] ALPA argues that this conduct occurred before June 2019 and is therefore time-barred. Dkt. # 25 at 27. Because the exact timing of the disclosure is not set forth in the Complaint, the Court has considered the claim on the merits.

ORDER - 6

Plaintiff has failed to raise a plausible inference that any of the actions or inactions that are properly before the Court were motivated by her sex. She does not allege that the ALPA representatives involved in the October 2019 grievance and subsequent award made a discriminatory comment or otherwise harbored discriminatory animus toward plaintiff in particular or women in general. Nor has plaintiff alleged facts that would suggest that the relevant individuals were under the control or sway of a discriminatory actor or were in any way involved in the earlier events of which she complains. Her claim of gender discrimination therefore rests exclusively on allegations that less than 7% of Delta's pilots are women, that ALPA's bylaws use male pronouns when referring to pilots, that ALPA is a male-dominated and male-focused organization, and that ALPA treated her differently than similarly-situated male pilots.

As discussed above:

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).

. . .

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555

(Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiff's allegation regarding the percentage of women Delta employs as pilots has nothing to do with ALPA, and her broad statements that ALPA's bylaws and focus are male-centric shed no light on whether the conduct at issue – namely the disclosure of documents and/or the failure to zealously advocate in the grievance proceeding – were because of or motivated by plaintiff's gender. Plaintiff's various allegations that similarly-situated male pilots were, or would have been, treated differently fare no better. Those allegations mirror the fourth element of a disparate treatment claim and are wholly conclusory. Plaintiff does not identify a male pilot with whom she was similarly situated or describe his situation in any way. *See Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) ("In order to show that the 'employees' allegedly receiving more favorable treatment are similarly situated . . . , the individuals seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all material respects."). The circumstances giving rise to plaintiff's claim – involving the mistaken production of emails in overlapping grievances and

hearings, ALPA's reaction to a very specific statement by opposing counsel during arbitration, and the way in which an arbitration award was drafted and signed – strongly suggest that plaintiff's situation was unique and that there are no appropriate comparators. Plaintiff has failed to allege any facts supporting her claim that she was treated worse than similarly situated male pilots. The Complaint does not give rise to a plausible inference that plaintiff's gender prompted the disclosure of allegedly privileged materials, the failure to object, and/or the inclusion of unnecessary (and potentially prejudicial) dicta in the arbitration award. The mere possibility of discriminatory intent does not raise the claim above the speculative level.

**C. Leave to Amend**

Plaintiff offered five declarations in support of her opposition to dismissal as well as a motion to amend the Complaint. The five declarations either support allegations in the Complaint (considered above) or involve events that were not (and now cannot be) subject to a DFR claim or an EEOC charge. The motion to amend seeks to add allegations that ALPA agreed to pay the legal feels of a male pilot but refused to pay hers. Plaintiff posits that the only explanation for the differing treatment is her gender. Dkt. # 34 at 2.

The male pilot, Russell Melvin, was sued in 2014 by the Delta Pilots Association ("DPA") for hacking into DPA's website. ALPA determined that DPA, an organization seeking to replace ALPA as the collective bargaining representative for Delta's pilots, targeted Melvin because he worked for ALPA and pursued frivolous litigation against him as part of DPA's efforts to decertify and replace ALPA. Dkt. # 34 at 6. In June 2020, ALPA agreed to expend union funds to help defray litigation costs that "unfairly accrued to [Melvin] personally on

account of his position as a Delta ALPA volunteer." Dkt. # 34 at 7. Plaintiff asserts that she is similarly situated to Melvin in that she incurred fees and expenses as a result of ALPA's failure to object to opposing counsel's statements at the October 2019 grievance hearing and failure to strike prejudicial dicta from the arbitration award. Plaintiff made a demand for reimbursement of her legal fees which was rejected in or before June 2019: her alternative request for reimbursement of her union dues was also rejected. Dkt. # 1 at ¶ 106; Dkt. # 34 at 13 and 420. Plaintiff learned that Melvin's fees would be reimbursed in August 2021, although the reimbursement determination was published in September 2020. Dkt. # 34 at 2.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend. Amendment is futile if the claim sought to be added is not viable on the merits." *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021) (quotation marks and citations omitted). Regardless whether plaintiff is asserting a DFR or a Title VII claim based on ALPA's denial of her request for reimbursement of legal fees, the new allegations do not state a claim upon which relief can be granted. The claim accrued, at the very latest, in mid-August 2021. There is no indication that plaintiff filed a DFR claim within the six-month limitations period or an EEOC charge within the 180 or 300 day period. If, as appears more likely, the cause of action accrued when plaintiff's claim for reimbursement was denied in or before June 2019, a DFR claim based on the denial was never asserted and the events giving rise to the claim occurred outside of the window specified in plaintiff's EEOC charge. On the merits, plaintiff has failed to allege any facts from which the Court could conclude that she and Melvin were similarly situated. From ALPA's perspective, Melvin was sued as its proxy, one of its loyal volunteers who was

ORDER - 10

subjected to frivolous claims in an effort to unseat ALPA. In that context, ALPA deemed it appropriate to make Melvin whole. Plaintiff, on the other hand, voluntarily initiated a proceeding against the employer. She was not forced to incur legal fees on ALPA's behalf, and she had the choice whether to pursue the action or not. That she wanted ALPA to pay her legal fees – or even that she felt she had an equitable claim to reimbursement – does not make her substantially situated to Melvin when the circumstances under which those fees were incurred varied so greatly.

For all of the foregoing reasons, defendant's motion to dismiss is GRANTED (Dkt. # 25) and plaintiff's motion to amend (Dkt. # 34) is DENIED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 3rd day of October, 2022.

Robert S. Lasnik
United States District Judge